ALBERT BORIS LEASING CORPORATION, Appellant, *v.* CITY OF NEW YORK, Respondent.

First Department, December 21, 1954.

*Lyle Evans Mahan* (*Louis Jay* with him on the brief), for appellant.

*Meyer Scheps* of counsel (*Harry E. O'Donnell, Benjamin Offner* and *Frank W. Porcaro* with him on the brief; *Adrian P. Burke, Corporation Counsel,* attorney), for respondent.

CALLAHAN, J. By chapter 411 of the Laws of 1948 a new method was provided for the collection of delinquent real estate taxes in New York City known as foreclosure by action in rem. Prior thereto, the collection was by sale of transfer of tax liens which, after three years, could be foreclosed by action. It was provided by the new statute that in rem foreclosure proceedings could be maintained as to unpaid tax liens more than four years old owned by the city whether or not the same were evidenced by transfer of tax liens.

The in rem proceeding, which is additional to the old remedy, is set forth in Title D of the Administrative Code. The law governing the old (and still available) remedy is found in Title A.

Under the old law, if a property owner wishes to pay the debt represented by a transfer of tax lien in advance of maturity, he is required to pay the whole sum due with earned interest to the date of payment, plus a premium or penalty interest for a three months' period (Administrative Code, § 415[1]–36.0).

Under the new in rem procedure, once the city files a list of parcels of property affected by tax liens, which have been unpaid for four years, it is required to proceed to foreclose such liens, except as to parcels withdrawn from the proceedings. One of the steps that may be taken to secure withdrawal of any property is to have the owner enter into an agreement with the city treasurer for payment in installments. One method of installment payment is to pay one quarter of the delinquent taxes

in cash and the balance " in amounts equal to at least two years of such arrears ", together with current taxes (Administrative Code, § D17–5.0, cl. [3]).

The present plaintiff was the owner of a parcel of land in the city of New York, on which back taxes were due. On February 11, 1949, a transfer of tax lien was sold to the city at a 12% interest rate. Thereafter, and on May 27, 1950, the city published a list of properties, on which taxes due for more than four years were to be foreclosed by in rem proceedings. Previously, the plaintiff had been notified that its property was to be included in this list, although some of the delinquent taxes were covered by the transfer of tax lien theretofore sold and acquired by the city. On receipt of this notice the plaintiff applied for exclusion of its property from the foreclosure in rem, and on March 20, 1950, made an agreement with the city treasurer, whereby the plaintiff paid 25% of the delinquent taxes, and agreed to pay the balance as required by clause (3) of section D17–5.0 of the Administrative Code. The city treasurer accepted the payment and signed said agreement under which the property was withdrawn from the in rem proceedings. But the city, in crediting the sums thereafter paid by the owner under the settlement aforesaid, not only charged interest at 1% a month from the date of the transfer of tax lien to the date of payment, but charged an additional amount of 4% representing four months' premium interest in purported compliance with the procedure provided in section 415(1)–36.0 of the Administrative Code.

The city contends for the right to charge such penalty interest on the ground that the settlement involved a prepayment of the transfer of tax lien sold in 1949, which otherwise would not be payable in due course until 1952. It thus attempts to read the provisions of section 415(1)–36.0 of the Administrative Code into the in rem procedure.

The plaintiff completed the installment payments in 1951, and then brought this action to recover the premium interest of $32.36 charged as aforesaid. It contends that the city had no right to charge such interest because the settlement was made under section D17–5.0 of the Administrative Code, which contains no provision for premium interest.

We agree with the plaintiff's construction of the statute. Section D17–5.0 makes provision for the exclusion of properties from the in rem proceedings by the payment of delinquent taxes in certain installments. It does not provide for premium inter-

est. The city saw fit to include the plaintiff's property in the list of parcels against which it would proceed in rem, although this property was already subject to a transfer of tax lien purchased by the city. It thus gave the taxpayer the right to settle under section D17–5.0. The fact that such settlement agreement, if carried out, might effect a prepayment of the transfer of tax lien did not alter the fact that the payment was not being made pursuant to section 415(1)–36.0, where the whole amount would have to be paid in a lump sum. The two statutory methods of payment are separate and distinct. We find nothing in Title D indicating a legislative intent to require its provisions to be read together with the provisions of Title A of the Administrative Code. The general saving clause found in Title D does not appear to warrant such a construction.

There remains the question as to whether the payments were voluntary or under duress. We think that the application of moneys collected under the settlement agreement to premium interest was wholly illegal, and that the plaintiff is entitled to recover such moneys *ex aequo et bono*. The plaintiff was compelled to pay as provided in the statute, if it desired to have its property excluded from the threatened in rem proceedings. In the circumstances, we think that the sums applied to penalty interest were payments made under duress.

Accordingly, the determination of the Appellate Term and the judgment and order of the Municipal Court should be reversed, with costs to the appellant; the motion of plaintiff for summary judgment should be granted and summary judgment directed in favor of the plaintiff.

Peck, P. J., Dore, Cohn and Bastow, JJ., concur.

Determination of the Appellate Term and the judgment and order of the Municipal Court unanimously reversed, with costs and disbursements to the appellant, the motion of plaintiff for summary judgment granted, and judgment is directed to be entered in favor of the plaintiff for the relief demanded in the complaint. [See *post,* p. 872.]