HAROLD K. OLEET et al., Individually and as Copartners Doing Business under the Name of HAROLD K. OLEET & BROS., Respondents, *v.* PENNSYLVANIA EXCHANGE BANK, Appellant.

First Department, February 15, 1955.

* Also printed *post,* p. 887.— [REP.

*Bernard Weiss* of counsel (*Dorff & Levy,* attorneys), for appellant.

*Irving Conrad Shadlen* for respondents.

BREITEL, J. Defendant bank appeals from denial of its motion, pursuant to rule 106 of the Rules of Civil Practice, to dismiss the complaint for legal insufficiency. It is sued by its former borrowers on two causes of action. The first is to recover twice the amount of usurious interest allegedly paid by plaintiffs to defendant bank. The second cause of action, apparently, is for fraud based upon the bank's false representation of its intention to carry a loan for three years despite the fact that the loan was to be, and was, evidenced by short-term paper.

The order should be modified to dismiss the second cause of action and affirmed as to the first cause of action.

Plaintiffs, the former borrowers, were partners engaged in the manufacturing business. They were entering upon a new line, for which they needed certain assets. They so apprised the bank. They also informed the bank that they needed money for the purchase of these assets and wished to borrow $30,000 for some three years. According to the complaint, the bank represented that it would lend them the money for three years, but that, in order to conform with the requirements of the Banking Law, it would be necessary to carry the loan on ninety-day notes. Then, in order to induce the plaintiffs to borrow the money, the bank allegedly stated that, notwithstanding the due dates, the notes would be renewed from time to time until the end of the three-year period. Thereupon, the money was lent and two ninety-day notes, bearing 4½% interest, were issued by the borrowers to the bank.

At the expiration of the first ninety days, the bank insisted on payment of the notes. Instead, a written agreement was made whereby the borrowers were required to refinance the loan by giving an assignment of accounts receivable and by agreeing to pay off the principal by monthly installments, at 6% interest per year, until the principal was completely discharged within two years instead of three. As part of this forbearance agreement, the borrowers were also required to maintain certain deposits with the bank and to pay various " bank charges " in connection with these deposits. It is this requirement and these charges that are alleged in the first cause of action to constitute the usurious transaction. As a result of the refinancing and shortened term of the credit extended, it is claimed that plaintiffs were damaged in their business enterprise to the extent of $50,000.

The first cause of action to recover twice the amount of allegedly usurious interest paid by the borrowers to the bank (Banking Law, § 108, subd. 1) is sufficiently pleaded. It cannot be said that the bank charges were, as a matter of law, not " interest " within the meaning of the statute, or not contemplated by the loan or forbearance agreement. The transaction must be considered in its totality to determine whether the loan or forbearance was, in substance, if not in form, usurious. (*Matthews* v. *Coe,* 70 N. Y. 239.) Assuming, as it is claimed, that the Statute of Limitations (Banking Law, § 108, subd. 1) is available on a motion such as this, it is alleged that payments were made within the two-year limitation period.

The second cause of action, however, is legally insufficient. Treating it as a claim for breach of an oral agreement not to

require payment of the ninety-day notes until three years had elapsed, proof thereof is barred by the parol evidence rule. On any view of the allegations, the oral agreement is antecedent or contemporaneous and it adds to or detracts from the terms of the notes which purport to integrate and express the understanding of the parties as to the date and manner of payment.

Treating the second cause of action as one sounding in fraud, as it is in form, plaintiffs, the borrowers, after discovering the alleged misrepresentation, voluntarily entered into an agreement extending the time and terms of payment. Such an agreement constituted a waiver of the misrepresentation. The borrowers seek to avoid this conclusion, however, by asserting that the extension agreement was made under economic or business duress, rather than voluntarily. If so, the waiver is negatived. This view, however, is untenable. At the time the extension agreement was executed, the bank had no interest in or control over plaintiffs' business or property. (*Adrico Realty Corp.* v. *City of New York,* 250 N. Y. 29, 33–34; *Tripler* v. *Mayor,* 125 N. Y. 617, 626; *Boris Leasing Corp.* v. *City of New York,* 285 App. Div. 126.) All the bank had was a claim for repayment of a loan, represented by ninety-day notes. Despite their financial distress, the borrowers could have refused to honor the fraudulently induced notes, thereby compelling the bank to institute suit, in which event the defense of fraud and, perhaps, equitable estoppel* would have been available to them. Fear of financial embarrassment not created by the bank or the stress that might follow from a lawsuit brought to enforce the notes, is not sufficient to constitute such duress as will excuse or invalidate an agreement made to avoid such consequences. (Cf. *Fruhauf Southwest Garment Co.* v. *United States,* 111 F. Supp. 945, 951.) An impending suit, without more, does not create the cognizable impulsion of duress. (*Dunham* v. *Griswold,* 100 N. Y. 224, 226.)

The modern doctrine of economic duress has been invoked where there is an unjustified threat to injure or withhold property of the promisor, or a threat to withhold rights of the promisor or invoke process available to the promisee with respect to a transaction or property which is not the subject matter of the agreement induced by the threat, or in equally extraordinary coercive situations not justified by the immediate relationship

---

* But even the doctrine of equitable estoppel will not be available unless the parol evidence rule is satisfied or avoided by proof of fraud. (*White* v. *Ashton,* 51 N. Y. 280; *Continental Bank & Trust Co.* v. *W. A. R. Realty Corp.,* 265 App. Div. 729, 733–734.)

of the parties. (See, generally, 5 Williston on Contracts [Rev. ed.], §§ 1601–1618; Restatement, Contracts, §§ 492–493, and 17 C. J. S., Contracts, §§ 168–177.) Even in its furthest extension, the doctrine has not been applied to a threat of process or suit, not otherwise oppressive, limited to the subject matter of the agreement, attacked for duress. Although, it has been applied most liberally to threats with respect to a collateral interest of a promisor (Restatement, Contracts, § 493, cl. [d], comment and illustrations). Nor should the rule be extended to threats to employ process or exercise rights, not otherwise disproportionate or clearly oppressive, available to the promisee with respect to the subject matter proper. It would make little sense to inhibit the promisee from claiming or enforcing his just due. The vice arises only when he employs extortive measures, or when, lacking good faith, he makes improper demands. This occurs when his demands are made with respect to matters in which he has no rightful claim — or a doubtful claim — or a claim insignificant when contrasted with the demands. In each instance, of course, he conditions compliance with the demands before he, the promisee, will himself perform, or will permit performance by the promisor, of the original obligation.

In the instant case, since the second cause of action depends on no more than the borrowers' yielding to the threat of suit on the short-term paper, it is insufficient. To such a suit the borrowers had a defense or counterclaim based on fraud — the very claim now asserted by them as plaintiffs — or, perhaps, equitable estoppel. Instead of then litigating, they entered into an extension agreement. The threat of suit related to obligations stemming from the loan. The extension agreement, claimed to have been made under fear of this threat, involved the same subject matter. The threat carried with it no taint of oppressiveness — tantamount to an abuse of process or its equivalent. Accordingly, there was no cognizable duress. On no possible view of the allegations was the extension agreement made on other than a voluntary basis. The second cause of action, therefore, should be dismissed because of waiver of the fraud, if any there was.

In view of the foregoing it is not necessary to pass on the very substantial question, raised by the bank, whether the alleged oral agreement not to require payment for three years of a loan evidenced by short-term paper, was illegal as against public policy.

Accordingly, the order should be modified to dismiss the second cause of action, and, as so modified, affirmed, with costs to appellant.

PECK, P. J., COHN and BASTOW, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed, with costs to defendant-appellant. Settle order.