This is an appeal from an order of the Special Term, dated August 27, 1957 denying the motion of the defendant-appellant to dismiss the complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice the contention being that the complaint does not state facts sufficient to constitute a cause of action. The complaint itself, which is the only pleading before the court, consists of eight causes of action identical except for the date, the amounts and description of various insurance policies. The sufficiency of one cause of action is a bar to the dismissal of a complaint. (Andrews v. 98 Montague Inc., 282 App. Div. 1066.) It might be observed in this respect that had the defendant promptly notified the plain *1044 tiff when advised of the details concerning the first cause of action, the subsequent causes of action would never have arisen. Section 275 of the Civil Practice Act states as follows: “ Pleadings must be liberally construed with a view to substantial justice between the parties.” The motion admits all facts alleged in the complaint and inferences that may be fairly drawn. (Greef v. Equitable Life Assur. Soc., 160 N. Y. 19; see, also, Glassman v. Glassman, 309 N. Y. 436, 439.) In Oleet v. Pennsylvania Exch. Bank (285 App. Div. 411, 413) the court said: “ The transaction must be determined in its totality ”. The merits of the action are not before the court on this motion. In Schwartz v. Heffernan (304 N. Y. 474, 482) an election case, the court said: “By moving to strike the pleading for insufficiency, defendants have authorized us, temporarily to accept its statements as true.” Order of the Special Term unanimously affirmed, with $10 costs.
Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.