■ ALLSTATE MEDICAL LABORATORIES, INC., et al., Respondents, v. ABRAHAM J. BLAIVAS et al., Copartners Doing Business as KINGS COUNTY RESEARCH LABORATORIES, et al., Appellants.— Judgment for plaintiffs unanimously modified on the law and on the facts to the extent of reversing the judgment against the defendants and dismissing the complaint against them, without costs or disbursements to any party and otherwise affirmed. It cannot be said, on the basis of all the evidence adduced at the trial, that the agreement and accompanying covenant, dated October 15, 1960, which are involved in this action, were entered into by the plaintiffs as a result of duress practiced against them by the defendants, or that there was duress practiced. In the case of *Oleet* v. *Pennsylvania Exch. Bank* (285 App. Div. 411, 414, 415) Mr. Justice Breitel, writing for the unanimous court, said: "The modern doctrine of economic duress has been invoked where there is an unjustified threat to injure or withhold property of the promisor, or a threat to withhold rights of the promisor or invoke process available to the promisee with respect to a transaction or property which is not the subject matter of the agreement induced by the threat, or in equally extraordinary coercive situations not justified by the immediate relationship of the parties. * * * The vice arises only when he employs extortive measures, or when, lacking good faith, he makes improper demands." (Also see Restatement, Contracts, §§ 402, 403; 5 Williston, Contracts [rev. ed.], § 1604; 17-A Am. Jur., Duress and Undue Influence, § 11.) All the parties to the agreement were represented by counsel. The preliminary negotiations, which resulted in the execution of the agreement on October 15, 1960, lasted for three days preceding its execution. On October 24, 1960 a special meeting of the directors of the plaintiff corporation was held and the board of directors confirmed and ratified the agreement. On October 25, 1960 the attorney for the plaintiffs forwarded to the attorney for the defendants a certificate of consent, subscribed by the individual plaintiff as president of the plaintiff corporation and Corinne Wendell as secretary, certifying that no less than two-thirds shares outstanding duly consented to the execution by plaintiff corporation of an assignment of all subscriptions, etc. Clearly the facts in the case at bar do not come within the modern doctrine of economic duress. The claim of the plaintiffs that the defendants prevailed upon them to discharge Sherman, the director of their laboratory, is refuted by the letter written by the plaintiff, Wendell, addressed to Sherman, in which he sets forth that, because of the latter's refusal to go to Chicago and, further, because of the involvement of the plaintiff corporation in difficulty with the Board of Health of the City of New York, which was charged against Sherman, that he was being dismissed. Also, the claim that plaintiffs were compelled to sell to the defendants because of the latter's threatened refusal to service the Chicago accounts, furnishes no ground for a charge of duress. (*Clasen* v. *Doherty,* 242 App. Div. 502.) In any event, the record shows

that the main reason for leaving Chicago was that the plaintiff corporation faced the competition of its former director, Sherman, who had established himself in the same type of business and had taken over all the Chicago doctors. Under all the circumstances, it is clear that this agreement and covenant were not entered into by the plaintiffs as a result of duress, or that indeed there was any duress practiced. Settle order on notice. Concur — Breitel, J. P., Rabin, McNally and Capozzoli, JJ.

(Republished)