■ ESTATE OF JEROME GOLDMAN, by its Administrator ABRAHAM GOLDMAN, et al., Respondents, v. HERTZ CORPORATION et al., Appellants.— Judgment in favor of plaintiffs for $20,973.80 in a wrongful death action, unanimously reversed, on the law, on the facts and in the exercise of discretion, and a new trial as to damages only, granted, without costs and without disbursements, unless plaintiffs, within 20 days from the date of the order entered herein, stipulate to accept the sum of $12,473.80 in lieu of award by verdict, in which event the judgment is modified to that extent and as thus modified, affirmed, without costs and without disbursements. It is obvious that the award of $20,973.80 is grossly excessive and not warranted by the record. Concur — Steuer, J. P., Tilzer, Rabin, McGivern and Bastow, JJ.

■ MOBIL OIL CORPORATION, Appellant-Respondent, v. SHAHEEN NATURAL RESOURCES COMPANY, INC., et al., Respondents-Appellants.— Order entered on September 5, 1967, to the extent appealed from, unanimously modified, on the law, to dismiss the first and second defenses in defendants' answer and to grant summary judgment in favor of plaintiff, and otherwise affirmed, with $50 costs and disbursements to plaintiff-appellant-respondent. The essential facts on which plaintiff relies as constituting waiver are undisputed, and in our opinion they bring the case within the compass of such decisions as *Oleet* v. *Pennsylvania Exch. Bank* (285 App. Div. 411) and *Lumber Inds.* v. *Woodlawn Furniture Corp.* (26 A D 2d 924). Concur — Botein, P. J., Stevens, McGivern and Witmer, JJ.

■ In the Matter of the Arbitration between HELEN BRADDY, Respondent, and CONTINENTAL INSURANCE COMPANY, Appellant.— Order entered July 10, 1967, herein appealed from, unanimously reversed, on the law, without costs or disbursements, and the matter remanded to Special Term for the submission of further affidavits by claimant to establish, prima facie, actual physical contact between the vehicle occupied by claimant and the alleged hit-and-run vehicle. The burden was upon claimant to show, at least prima facie, that actual physical contact occurred (cf. *Matter of MVAIC* [*Post*], 18 A D 2d 905). This burden could have been met, and may yet be met, by claimant's affidavit to that effect. Affidavit of counsel without knowledge of the facts, or even the police aided card when the officer making such card was not a witness to the occurrence, will not suffice when the issue of actual physical contact is raised. Leave is granted appellant to submit any proof it might have that no physical contact occurred as claimed and if a triable issue be raised, that issue should then be resolved by trial. Concur — Stevens, J. P., Eager, Steuer, Rabin and McGivern, JJ.