OPINION OF THE COURT
George A. Reed, J.
FINDINGS, CONCLUSIONS, DECISIONS AND ORDER
On September 26, 1977, during a Family Court proceeding, petitioner’s pistol license was revoked. Petitioner has had the license since 1961, and it was revoked when a Family Court petition was presented which alleged that he had threatened to kill his wife and when it appeared in a conference with the attorneys that the petitioner was undergoing therapy.
*118 The court granted a hearing. Section 400.00 (subd 1, par [c]) of the Penal Law renders ineligible anyone who "has ever suffered any mental illness or been confined to any hospital or institution, public or private, for mental illness”. Subdivision 20 of section 1.03 of the Mental Hygiene Law defines mental illness as "an affliction with a mental disease or mental condition which is manifested by a disorder or disturbance in behavior, feeling, thinking, or judgment to such an extent that the person afflicted requires care, treatment and rehabilitation”.
The petitioner contacted the Clifton Springs Hospital as an outpatient during the dissolution of his marriage. His first contact was on September 26, 1976. He was treated by a psychiatric team and, on the recommendation of the psychotherapist member, petitioner voluntarily admitted himself to the hospital on June 3, 1977, and was discharged June 17, 1977. He then continued for six more visits as an outpatient. The psychotherapist testified that petitioner was being treated for depression stemming from his marital difficulties. "I have viewed his problem as more of an emotional disturbance, not of a mental illness. It was a reactive depression to marital maladjustment which is much different than a disease like schizophrenia”.
A depressive reaction is defined: "A psychoneurotic disorder in which the anxiety due to an internal conflict is partially relieved by depression and self-depreciation, frequently precipitated by an identifiable event, such as the loss of a cherished person or object, and associated with guilt feelings.” (Blakiston’s Gould Medical Dictionary [3d ed], p 422.)
There was testimony, and I find, that the petitioner has been discharged from care and can function without care or medication.
There was no evidence at the trial which would justify the court in finding that the petitioner ever had threatened to shoot his former wife or that he was in other than good mental health at the time of the hearing.
This brings us to a construction of section 400.00 of the Penal Law. I find that reactive depression, accompanied by 14 days’ hospitalization of the kind described, is the kind of mental illness contemplated by the statute. It is of a nature likely to bring about a homicide or suicide. I find further that the statute renders ineligible anyone who has ever suffered any such illness and that mental capacity at any subsequent *119 time is irrelevant. Since the condition is so common, and the practice of seeking treatment so commendable and so readily available, it might well be that the Legislature should consider this issue.
The order of revocation is affirmed.