■ In the Matter of FRED LAIER, Respondent, v ROBERT J. MCGUIRE, as Police Commissioner of the City of New York, et al., Appellants. — Judgment, Supreme Court, New York County (Richard Lee Price, J.), entered January 25, 1983, granting the CPLR article 78 petition to the extent of remanding the matter to respondents for further consideration of petitioner's application for a certificate of service, unanimously reversed, on the law, without costs or disbursements, the application denied and the petition dismissed.

Petitioner is a retired police officer who brought this article 78 proceeding to challenge the determination of respondents, denying his application for a certificate of service. The issuance of the

certificate would have facilitated petitioner's application for a permit to carry firearms after he was separated from service.

Petitioner became a police officer on October 24, 1969 and, within 3½ years, was the subject of an investigation as the result of civilian complaints and command disciplines involving performance deficiencies. His authority to carry a firearm was revoked on December 18, 1973 following a psychological examination which concluded that he had a "psychopathic character disorder [with] current reactive paranoid and manic trends." In October 1975, after a psychological examination found "no diagnosable psychiatric syndrome", it was recommended that he return to full-time duty and his firearms were restored on December 3, 1975. One year later, however, his commanding officer requested that he be transferred because of racial slurs addressed to other members of the command and the community, and his right to carry firearms was again revoked on December 17, 1976. A psychological report on March 25, 1977 concluded that he represented a poor risk to the department in performing police work, albeit no diagnosable psychiatric disorder was found. In May 1980, it was recommended that he be retired on accident disability benefits as the result of back problems associated with a prior line-of-duty injury. Upon his retirement, he did not receive a certificate of service. One year later, on July 11, 1981, he requested issuance of such a certificate, which was denied, whereupon this article 78 proceeding was initiated.

Special Term granted the application to the extent of remanding the matter to respondents for a new psychological examination, observing that the refusal to issue a certificate was not based on recent medical evidence and, therefore, was arbitrary and capricious. We disagree.

Taking into account petitioner's history while on the force and the several determinations based upon psychological evaluations, which found him to be unfit to carry firearms, the decision with respect to the issuance of a certificate of service was neither arbitrary nor capricious. Upon petitioner's separation from service, he had no right to issuance of a certificate since his authority to carry firearms had been revoked 3½ years prior thereto and had not been restored at the time he retired. He took no action prior to separation to obtain such a certificate.

While we note petitioner's desire to obtain employment as a security guard, his former status as a police officer does not, in any way, accord him different rights or privileges in relation to other citizens who are likewise desirous of obtaining a permit to carry a concealed firearm. He is not precluded from applying for

a pistol permit in accordance with Penal Law § 400.00, upon an appropriate showing (*see, Shapiro v Cawley,* 46 AD2d 633; *Matter of Moore v Gallup,* 267 App Div 64, *affd* 293 NY 846; *Tabankin v Codd,* NYLJ, Sept. 13, 1974, p 2, col 3, *affd* 48 AD2d 771, *appeal dismissed* 40 NY2d 893). No such application, however, has been made. At this juncture, we need not address whether such an application would be affected by his psychological problems in the past. For our purposes it is sufficient to conclude that petitioner had no right to the issuance of the certificate of service, the respondents did not act arbitrarily or capriciously and, accordingly, the remand for reconsideration was improper. Concur — Carro, J. P., Bloom, Fein, Kassal and Ellerin, JJ.