■ In the Matter of STEPHEN WILOMOVSKY, Appellant, v JAMES A. CAPLES, as Commissioner of the Suffolk County Police Department, Respondent. (Matter No. 1.) STEVEN WILOMOVSKY, Appellant, v COUNTY OF SUFFOLK, Respondent. (Matter No. 2.)—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Suffolk County Police Department, dated September 24, 1987, which denied, without a hearing, the application by the petitioner Stephen Wilomovsky for a pistol permit, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Brown, J.), entered August 29, 1988, which denied the petition and dismissed the proceeding.

In an action, *inter alia,* to set aside a stipulation of settlement, in which, among other things, the plaintiff Stephen Wilomovsky agreed to retire from his position as a Lieutenant in the Suffolk County Police Department after the completion of his twentieth year of service, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Brown, J.), dated June 16, 1989, which granted the defendant County of Suffolk's motion pursuant to CPLR 3211 (a) (7), to dismiss the complaint for failure to state a cause of action.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

Contrary to the appellant's contention with respect to Appeal No. 1, we find that the determination of the Commissioner of the Suffolk County Police Department, denying his application for a pistol permit, was supported by substantial evidence in the record and was neither arbitrary nor capricious *(see, Matter of David H.,* 96 Misc 2d 117; *see also, Matter of Romanello v Marasco,* 115 AD2d 541; *Matter of Jenkins v Martin,* 99 AD2d 811). The appellant's reliance on *Matter of Laier v McGuire* (111 AD2d 43, *affd* 65 NY2d 904) is misplaced since that case is factually distinguishable and does not warrant a different result in this case.

Contrary to the appellant's further contention with respect to Appeal No. 2, the Supreme Court properly granted the County of Suffolk's motion, pursuant to CPLR 3211 (a) (7), to dismiss his complaint on the ground that it failed to state a cause of action. The gravamen of the complaint, as supplemented by the appellant's affidavit in opposition to the dismissal motion, was that the appellant had been economically

coerced into signing a stipulation of settlement, which provided, in pertinent part, that the appellant would retire from his position as a Lieutenant in the Suffolk County Police Department after the completion of his twentieth year of service. Specifically, the appellant claimed that the Suffolk County Police Department threatened to schedule a hearing on a filed disciplinary charge prior to the time that the appellant would complete his twentieth year of service with the department, thereby placing at risk his entitlement to full retirement and pension benefits if his employment were terminated after the hearing but prior to the completion of his twentieth year of service. However, the appellant failed to set forth any facts supporting a claim that the Suffolk County Police Department *"unlawfully* threatened him in a manner that deprived him of his unfettered will" *(Landers v State of New York,* 56 AD2d 105, 107, *affd* 43 NY2d 784 [emphasis added]; *see, Gerstein v 532 Broad Hollow Rd. Co.,* 75 AD2d 292, 297; *Bachorik v Allied Control Co.,* 34 AD2d 940, 942). The disciplinary charge filed against the appellant alleged that he had assaulted his wife's friend. The appellant did not claim that he did not assault his wife's friend or that such conduct was not properly the subject of a disciplinary charge. Further, while the disciplinary charge was filed about 14 months after the incident, the appellant does not contend that the charge was time-barred. Consequently, there is no merit to the appellant's contention that the filing of the disciplinary charge and the hearing on the charge was "tantamount to an abuse of process or its equivalent" *(Oleet v Pennsylvania Exch. Bank,* 285 App Div 411, 415). In addition, the appellant, who was represented by counsel, deliberated for more than one month before he agreed to the stipulation of settlement. Contrary to the appellant's contention, there was "good and valid consideration" *(Faillace v Port Auth.,* 130 AD2d 34, 42) for him to agree to the stipulation, namely, the cessation of the efforts by the Suffolk County Police Department to terminate his employment and the opportunity to continue employment until his retirement with full benefits at the completion of his twentieth year of service *(see, Faillace v Port Auth., supra,* at 42). The fact that the appellant may have felt financially constrained to accept the settlement, rather than risk an adverse ruling after the hearing on the disciplinary charge, does not constitute duress *(see, Landers v State of New York, supra,* at 107). "On no possible view of the allegations was the [stipulation of settlement] made on other than a voluntary basis" *(Oleet v Pennsylvania Exch. Bank, supra,* at

415). Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.