Matter of Sambula v Triborough Bridge & Tunnel Auth. (2020 NY Slip Op 01240)





Matter of Sambula v Triborough Bridge & Tunnel Auth.


2020 NY Slip Op 01240


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


11061 155876/18

[*1] In re Anthony Sambula, Petitioner-Appellant,
v
Triborough Bridge & Tunnel Authority doing business as MTA Bridges & Tunnels, Respondent-Respondent.


Wolin & Wolin, Jericho (Alan E. Wolin of counsel), for appellant.
Hoguet Newman Regal & Kenney, LLP, New York (Helene R. Hechtkopf of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Lynn R. Kotler, J.), entered March 4, 2019, denying the petition seeking to annul a determination of respondent, dated March 20, 2018, which denied a request for a retiree service letter, and to compel that the letter be issued, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondent's denial was neither arbitrary nor capricious (see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). The letter sought would assist petitioner in obtaining a special pistol carrying permit. Petitioner concedes that he was not authorized to carry a firearm under respondent's policy at the time of his separation from employment, as he surrendered his firearm beforehand due to an injury, and he did not seek reinstatement of such authorization. Thus, he "had no right to issuance of" the retiree service letter "since his authority to carry firearms had been revoked . . . and had not been restored at the time he retired" (Matter of Laier v McGuire, 111 AD2d 43, 44 [1st Dept 1985], affd 65 NY2d 904 [1985]). The denial did not violate petitioner's Second Amendment rights, since it did not preclude him from applying for a permit under normal legal procedures (id. at 44-45; see Penal Law § 400.00).
Even assuming there is a private right of action under the Law Enforcement Officers Safety Act of 2004, petitioner cannot demonstrate that he met the qualification standards within one year of retirement.
Petitioner also cannot demonstrate a violation of the Americans with Disabilities Act based on his employer's refusal to issue the retiree service letter, as he concedes that his injury rendered him unable to perform his duties as a law enforcement officer (see 42 USC § 12112[a]; [*2]Capobianco v City of New York, 422 F3d 47, 56 [2d Cir 2005]). There is no factual basis to conclude that decision was made in bad faith rather than as part of an across the board policy.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK