Mischa Elman, Appellant, *v.* Brown, Harris, Stevens, Inc., et al., Respondents.

First Department, June 14, 1955.

*Walter T. Kohn* of counsel (*J. Charles Weschler* with him on the brief; *Weschler & Kohn,* attorneys), for appellant.

*Louis G. Abrams* of counsel (*Joseph G. Abramson,* attorney), for respondents.

*Per Curiam.* Plaintiff appeals from an order dismissing for legal insufficiency his complaint to recover money allegedly paid under duress.

Plaintiff has, since 1946, been a tenant in an apartment building in New York City. In April, 1953, one of the defendants, the managing agent of the building, organized a co-operative corporation to acquire the premises. Under the proposed plan of co-operative ownership, the statutory tenants in occupancy were given two weeks within which to exercise their options to purchase stock and proprietary leases. At the time the notice was given to plaintiff, he was on a concert tour in South Africa and his wife was confined in a hospital. When the two weeks expired, the stock allocated to plaintiff's apartment was sold to a syndicate composed of tenants in the building who had already purchased their stock and leases.

Shortly thereafter, plaintiff returned from his tour. He tendered under the co-operative plan. This tender was, however, rejected and he was notified that the stock allocated to his apartment had been sold to the syndicate. The syndicate then demanded $12,000 or $3,810 more than the original price. If plaintiff failed to pay this amount, the syndicate threatened, the stock and proprietary lease would be sold to others. Fearful that he would lose his rights to his apartment, plaintiff paid the demanded amount and then sued to recover $3,810, the excess payment, claiming payment made under duress.

Special Term held that, on the face of the complaint, it was clear that the payment was voluntarily made. With this we cannot agree.

A statutory tenant in occupancy must be given the right to purchase a share in a proposed co-operative corporation which has been set up to take over the apartment house in which he lives, if the corporation is to qualify under the regulations of the Rent Commission. (*People ex rel. McGoldrick* v. *Sterling,* 283 App. Div. 88.) Whether the option to purchase is real or illusory may become a question of fact. In this case two weeks' notice to a tenant who, it is alleged, was on a professional tour of South Africa and whose wife was ill in a hospital, raises such an issue.

Such an interest in an option to purchase under a proposed co-operative housing plan is a sufficient property interest to supply one of the elements in a claim of payment under duress. (Cf. *Adrico Realty Corp.* v. *City of New York,* 250 N. Y. 29, 33, 38.) When plaintiff made his allegedly " voluntary payment ", the law was quite unclear whether he had a protectable

interest or not. His payment was made before this court had determined the close questions involved. (*People ex rel. McGoldrick* v. *Sterling, supra; Gilligan* v. *Tishman Realty & Constr. Co.,* 283 App. Div. 157, affd. 306 N. Y. 974.) Even at this date the rights and obligations of landlord and tenant under " co-operative " plans have not become so evident that one can say there is a clear legal remedy (*Adrico Realty Corp.* v. *City of New York, supra*).

Plaintiff, by failing to make the payment, risked that a bona fide purchaser would become entitled to a certificate of eviction, whatever plaintiff's rights might be. Remedies in equity for injunction or for a declaratory judgment were doubtful or not available. Plaintiff, having been out of the country during the two-week option period, was in a most disadvantageous position to determine whether that period was so unreasonable as to constitute a violation of the right that the case of *People ex rel. McGoldrick* v. *Sterling* (*supra*) was later to announce existed. Indeed, even now, what is a reasonable time is not determinable as a matter of law on the pleadings. Payment, under such circumstances, to save one's occupancy in an apartment, may not have been voluntary. Whether it was, presents, in the circumstances of this case, a question of fact, and a much disputed one within the sense of the *Adrico* case (*supra*, p. 39).

Consequently, the pleading is on its face sufficient, and the issues should be resolved by trial.

The order dismissing the complaint should be reversed, with costs to appellant, and the motion denied.

CALLAHAN, J. P., BREITEL, BASTOW, BOTEIN and RABIN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion denied.