■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MELVIN RICHARD MALONEY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, entered June 16, 1964 upon his plea of guilty, convicting him of operation of a motor vehicle while intoxicated, as a misdemeanor, and sentencing him to a workhouse term of 6 months. Judgment modified on the law and the facts by suspending execution of the sentence imposed and placing defendant on probation for one year, on the following conditions: (a) that defendant shall submit to psychiatric or related treatment or shall otherwise demonstrate to the Probation Department that he is attempting, in good faith, to deal with the behavior problem which led to the conviction at bar; and (b) that defendant shall not operate a motor vehicle. In our opinion, under all the circumstances, the sentence imposed upon this defendant was excessive. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ R. N. H. MANAGEMENT CO., INC., Respondent, v. DAVID SILVER, INC., Appellant.— In a dispossess proceeding, the tenant appeals, by permission of the Appellate Term of the Supreme Court, from an order of said court, dated March 24, 1965, which unanimously affirmed a final order or judgment of the Civil Court, Queens County, entered October 13, 1964 upon the court's direction of a verdict for $850 in the landlord's favor. Order of the Appellate Term and final order or judgment of the Civil Court reversed on the law and the facts, and a new trial granted, with costs to abide the event. In our opinion, the tenant made out a prima facie case of economic duress in the making and delivery of the agreement modifying the terms of the lease between the parties. Accordingly, the court was in error in dismissing the defense for lack of proof and not submitting the issue to the jury for determination (Oleet v. Pennsylvania Exch. Bank, 285 App. Div. 411, 414–415; Kilpatrick v. Germania Life Ins. Co., 183 N. Y. 163; Elman v. Brown, Harris, Stevens, 286 App. Div. 247; 5 Williston, Contracts [rev. ed.], § 1603, p. 4495; § 1606, pp. 4501–4502; § 1618, p. 4523; § 1620, pp. 4530, 4531, note 7). Questions of fact exist as to the landlord's good faith in making demands for increased rent in the light of the terms of the existing lease and the adequacy of any legal remedy on the part of the tenant to resist the claimed threats of eviction and criminal prosecution. At the trial the facts and circumstances leading to and concerning the making and delivery of the modification agreement should be properly subjects of proof by both parties. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ CHARLES W. ROHDE et al., Appellants, v. TOWN OF BROOKHAVEN et al., Respondents.— In an action to declare the nullity of a certain zoning change, and for other relief, plaintiffs appeal from an order of the Supreme Court, Suffolk County, entered January 19, 1965, which dismissed the amended complaint for failure to state a cause of action (CPLR 3211, subd. [a], par. 7). Order affirmed, without costs, on the ground that no cause of action is stated under section 51 of the General Municipal Law. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.