■ Sidney Leben et al., Appellants, v. Nassau Savings and Loan Association, Respondent.— In an action (1) for a declaration that a mortgage agreement dated December 6, 1967 is a legal, binding mortgage .commitment obligating defendant to lend plaintiffs $22,400 at 6% interest per year for a period of 30 years and (2) for reformation of an assumption, release and modification agreement to comply with the above-mentioned terms, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered June 4, 1971, which dismissed their complaint after a nonjury trial. Judgment reversed, on the law and the facts, with costs, and it is adjudged that (1) the mortgage agreement dated December 6, 1967 is a legal, binding mortgage commitment obligating defendant to lend plaintiffs $22,400 at 6% interest per year for a period of 30 years and (2) the above-described assumption, release and modification agreement is reformed to provide that interest is payable at the rate of 6% per annum, rather than 7¼% per annum. On November 22, 1967 plaintiffs entered into a contract with Smithtown Park, Inc., for the purchase of a lot, with a dwelling thereon to be constructed by the seller. The contract provided that plaintiffs were to apply for a mortgage loan from lending institutions designated by Smithtown. The mortgage was to be in the amount of $22,400, to run for 30 years and to bear interest at the rate of 6% per annum. A different provision of the contract provided that in the event the maximum allowable interest rate should change, plaintiffs " will accept the above described mortgage at the maximum rate which is in effect at the date of the closing of the permanent mortgage loan." Plaintiffs made application to defendant for a mortgage loan. On December 6, 1967 defendant advised plaintiffs by letter of its approval of the loan. The letter stated, in pertinent part, " Terms of this mortgage will be at the interest rate of 6%, in accordance with the terms of your contract, for a period of 30 years." On October 4, 1968, plaintiffs appeared at defendant's office for the closing of title. They were then informed for the first time that the mortgage would bear interest at the rate of 7¼%. Plaintiffs had already moved into their new home, and expended more than $8,000 in connection with the purchase and had canceled the lease on their apartment. We credit their testimony that they were told there would be no closing unless they acceded to the higher interest rate. In order to protect themselves, but over objection, they signed an assumption, release and modification which provided for interest at the rate of 7¼% and title was closed. In our opinion, the mortgage commitment agreement between plaintiffs and defendant clearly obligated defendant to make a mortgage loan at an interest rate of 6%. The addition of the phrase " in accordance with the terms of your contract " at best created an ambiguity and should be construed most strongly against defendant, the party who prepared it (*Gillet* v. *Bank of America*, 160 N. Y. 549, 554–555; *Evelyn Bldg. Corp.* v. *City of New York*, 257 N. Y. 501, 513). Defendant is not named in the contract between plaintiffs and Smithtown; nor does it appear that the provision with reference to the maximum allowable interest rate was made for its benefit. In our opinion plaintiffs signed the assumption, release and modification agreement as the

result of economic duress (see, e.g., *R.N.H. Mgt. Co.* v. *David Silver, Inc.,* 24 A D 2d 869; *Elman* v. *Brown, Harris, Stevens,* 286 App. Div. 247). The terms of that agreement, insofar as they altered the interest rate contained in the mortgage commitment, must be reformed to reflect the agreed upon rate of 6%. Martuscello, Shapiro, Christ and Brennan, JJ., concur; Hopkins, Acting P. J., dissents and votes to modify the judgment by striking therefrom the decretal provision dismissing the complaint and by substituting therefor a provision declaring that plaintiffs are bound by the terms of the assumption, release and modification agreement dated October 4, 1968, with the following memorandum: It is clear that the transaction in suit was the purchase of a home by plaintiffs, financed by a mortgage given by the seller to defendant. Thus, the various agreements between the parties to the transaction — the seller, the purchaser and the mortgagee — must be read and construed together. Plaintiffs, accordingly, agreed that, in the event a higher interest rate should prevail at the time of the closing, they would accept a mortgage at the higher rate. Moreover, they agreed as follows: " If the application for the mortgage loan hereinafter set forth is approved and commitment issued, then the Purchasers do hereby agree to execute * * * such bond, mortgage, assumption, extension and/or modification agreements * * * which may be necessary or required by the lending institution * * * in order to properly effectuate the placing of the mortgage loan above described ". The commitment issued some 10 months before the closing reflected the interest rate then in existence, but obviously was conditioned on the agreement looking toward an upward change in the interest rate. By the time of the closing the maximum interest rate had indeed increased; hence, defendant was entitled to proffer a mortgage at the new rate. There can be no duress, economic or otherwise, when the terms of a contract provide for the claim under which the party urging duress acted (*Oleet* v. *Pennsylvania Exch. Bank,* 285 App. Div. 411, 414; 13 Williston, Contracts [3d ed.], § 1606, pp. 671–676). All that plaintiffs did in accepting the mortgage at the closing was to discharge their duty under their agreement. In addition, in my opinion, plaintiffs were subject to the duty to execute the assumption, release and modification agreement because defendant was the third-party creditor beneficiary of plaintiffs' promise to the seller to render that performance, one subject to the condition that the maximum legal interest rate be increased prior to the closing of title. That defendant was not expressly named in the Leben-Smithtown contract does not deny it the status of a creditor beneficiary (*Bradley* v. *McDonald,* 218 N. Y. 351; 6 N. Y. Law, Contracts, § 1007), a status that gives to defendant the remedies available to the seller (4 Corbin, Contracts, § 810; 6 N. Y. Law, Contracts, § 1015). Further, parol evidence was admissible to identify the agreement between the seller and plaintiffs as the contract to which the mortgage loan agreement alluded, whether the latter agreement's words, " in accordance with the terms of your contract ", were or were not ambiguous (Fisch, New York Evidence, § 60). Modification of the judgment is required because when the plaintiff is not entitled to the relief sought in an action for a declaratory judgment, the complaint should not be dismissed, but the court should declare the parties' rights with respect to the subject matter of the litigation (*Lanza* v. *Wagner,* 11 N Y 2d 317, 334).