[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
I.
On or about March 27, 1991, the defendant bank Northeast Savings issued a mortgage loan commitment to the plaintiff Dennis F. Berti in connection with the plaintiff's contract to purchase real property located at 65 Carriage Drive, Avon, Connecticut. This mortgage loan commitment had an option to convert the loan from a variable rate to a fixed rate mortgage loan. As part of the agreement to purchase, the plaintiff paid a deposit of $19,800.00. Additionally, he had contracted with a truck rental agency to move his personal belongings to the property. At the closing, however, the bank presented the plaintiff with a revised loan commitment in which the option to convert to a fixed CT Page 11321 rate mortgage had been eliminated. While the plaintiff objected to this revision, he was informed that he would have to accept the revision if the closing were to go forward.
He signed the revised mortgage loan commitment. The plaintiff now seeks a decree restoring the original loan commitment or a decree modifying the existing mortgage loan to include an option to convert to a fixed interest rate.
 II.
The defendant bank moves to strike this one count complaint on the grounds that the plaintiff has not sufficiently alleged a cause of action for duress and a breach of an implied covenant of good faith and fair dealing. The defendant also moves to strike the prayer for relief seeking reformation of the contract.
When ruling on a motion to strike, a court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar Corporation, 203 Conn. 34, 36 (1987). The motion to strike admits all facts well pleaded; it does not admit legal conclusions or truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The facts giving rise to the claim must be taken from the complaint because the motion to strike cannot be opposed by facts outside the attacked pleading. Kilbride v. Dushkin Publishing Group, Inc., 186 Conn. 718, 719 (1982).
The defendant claims that the plaintiff has not put forth a cause of action for duress because not only was the plaintiff not stripped of his free will but also because the defendant's conduct was not wrongful. The bank, however, waited until the closing to present these unfavorable loan terms to the plaintiff. At such time, he was essentially forced to accept the new terms or suffer substantial financial losses. Thus, when viewed in the light most favorable to the pleader, the plaintiff has alleged some duress. "The wrongful conduct at issue could take virtually any form, but must induce a fearful state of mind in the other party, which makes it `impossible for him to exercise how own free will.'" Zebedeo v. Martin E. Segal Co., Inc.,582 F. Sup. 1394, 1417 (D. Conn. 1984), quoting McCarthy v. Taniska, 84 Conn. 377 (1911).
III. CT Page 11322
"If a count in a complaint purports to set out more than one cause of action, a [motion to strike] addressed to the entire count fails if it does not reach all of the causes of action pleaded." Wachtel v. Rosol, 159 Conn. 496, 499 (1970). Therefore, the plaintiff's proper pleading of his duress claim in this one count complaint makes it unnecessary to consider whether the plaintiff has properly alleged breach of the covenant of good faith and fair dealing.
The defendant moves to strike the prayer for relief which seeks reformation of the contract to allow for conversion to a fixed rate mortgage. The defendant contends that a contract made under duress is void ab initio. "It is undoubtedly true that a contract obtained by duress is unenforceable." Zebedeo, supra, 1417. "Where, however, because of duress a party is forced, for example, to assent to a mortgage on terms different from those that had earlier been contractually agreed upon, reformation of the mortgage to conform to the prior contract is an appropriate alternative." J. Calamari and J. Perillo, Contracts9-35, pp. 315-316 (2nd Ed. 1977) citing Leben v. Nassau Savings and Loan Assn., 337 N.Y.S.2d 310 (2nd Dept 1972), aff'd356 N.Y.S.2d 46 (1974). Therefore, the relief sought in the instant case is not inappropriate.
For the reasons stated, the motion to strike is denied.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT